956 A.2d 347

IN THE MATTER OF RICHARD W. BANAS,
AN ATTORNEY AT LAW.

September 23, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–058, concluding on the record before the Board pursuant to *Rule* 1:20–4(f) (default by respondent) that **RICHARD W. BANAS** of **EAST HANOVER,** who was admitted to the bar of this State in 1978, should be suspended from the practice of law. for a period of six months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to explain the matter to a client to the extent reasonably necessary for the client to make informed decisions about the representation), *RPC* 8.4(a) (violate or attempt to violate the Rules of Professional Conduct), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And **RICHARD W. BANAS** having failed to appear on the Order to Show Cause issued in this matter, and the Court having held in *In re Kivler,* 193 *N.J.* 332, 939 *A.*2d 216 (2008) that a respondent's unexcused failure to comply with an Order to Show Cause may be a basis for enhanced discipline;

And the Court having determined that a three-year suspension from practice is the appropriate discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **RICHARD W. BANAS** is suspended from the practice of law for a period of three years and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.